IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) GREAT LAKES INSURANCE SE, a )
    foreign corporation, )
                                    )
        Plaintiff, )
                                    )
v.                                   )   Case No.   19-CV-67-SPS
                                    )
(1) JIM EBY d/b/a FOUNDATION )
    REPAIR SERVICES; and )
(2) EBY'S FOUNDATION REPAIR, LLC )
    d/b/a FOUNDATION REPAIR )
    SERVICES, an Oklahoma limited )
    liability company, )
                                    )
        Defendants. )

## COMPLAINT

Plaintiff Great Lakes Insurance SE ("Great Lakes"), for its claims against Defendants Jim Eby d/b/a Foundation Repair Services and Eby's Foundation Repair, LLC d/b/a Foundation Repair Services, alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Great Lakes is a corporation organized and existing under the laws of Germany, with its office and principal place of business located in Germany, in the City of Munich.

2.    Defendant Jim Eby d/b/a Foundation Repair Services ("Jim Eby") is an individual citizen of Muskogee County, State of Oklahoma.

3.    Defendant Eby's Foundation Repair, LLC d/b/a Foundation Repair Services ("Eby's LLC") is an Oklahoma limited liability company with its principal place

of business in Muskogee County, State of Oklahoma. Upon information and belief, all of Eby's LLC's members are individual citizens of Muskogee County, State of Oklahoma.

4. After being sued in a state court action pending in Oklahoma County, Oklahoma, Jim Eby and Eby's LLC have placed Great Lakes on demand for indemnity and a defense under certain commercial general liability insurance policies. Great Lakes disputes that the insurance applies and is currently providing a defense to Jim Eby and Eby's LLC under a reservation of rights pending the outcome of this declaratory judgment action. Although the state court action was filed in Oklahoma County, Oklahoma, the facts underlying the state court action – specifically, the collapse of a residence – occurred in McIntosh County, State of Oklahoma. The events giving rise to this Complaint therefore occurred in McIntosh County, Oklahoma, making venue proper in this Court.

5. There is a real and justiciable controversy between the parties whereby Great Lakes asks this Court to inquire into and declare the rights and obligations of the parties as it pertains to coverage under certain commercial general liability insurance policies. *See* 28 U.S.C. § 2201; Fed. R. Civ. P. 57.

6. This Court has jurisdiction because: (1) Great Lakes is a citizen of a foreign state; (b) Defendants are citizens of the State of Oklahoma; and (c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(2).

## FACTUAL BACKGROUND

7. On June 29, 2018, Daniel and Deeanna Burwell (the "Burwells") filed suit in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2018-3565 (the "Litigation") against the following defendants: (1) Knox Inspection Services, Inc. ("Knox"); (2) Bruce A. Clark, P.E. ("Clark"); (3) Home Check; (4) Roger Palmer, P.E. d/b/a CDR Inspections ("Palmer"); (5) State Farm Fire & Casualty Company ("State Farm"); (6) Marshall Pruitt Construction, LLC ("Pruitt"); (7) David Nicola; (8) Constance Nicola (the "Nicolas" collectively"); (9) Anita Rodgers ("Rodgers"); (10) Century 21 Shirley Donaldson, Inc. ("Donaldson"); (11) Century 21 Real Estate Corporation ("Century 21 REC"); (12) Century 21 Real Estate of Oklahoma, Inc. ("Century 21 Oklahoma"); (13) Foundation Repair Services; and (14) McQuay Construction, LLC ("McQuay"). The Burwells asserted claims for negligence, fraud, and breach of contract and seek both actual and punitive damages in an amount exceeding $75,000. *Ex. 1, State Court Petition.*

8. The Burwells' claims arise out of allegedly faulty foundation work that occurred in connection with the original construction of and later repairs to a residence located in Eufaula, Oklahoma. According to the Burwells' Petition, the residence "collapsed" on April 21, 2017, as a result of a "catastrophic slope failure . . . due to the combined negligence of the Defendants." *Id.*

9. The Burwells contend they hired Jim Eby and Eby's LLC (collectively, the "Insureds") to shore up the residence's foundation and that the Insureds negligently

inspected the foundation, negligently designed a pier plan and/or negligently installed piers at the residence.

## THE POLICIES

10. Great Lakes issued commercial general liability insurance policy No. GLG003847 (the "Original Policy") to Jim Eby for the policy period of June 1, 2011 to June 1, 2012.

11. Great Lakes issued commercial general liability insurance policy No. GLG005711 ("Renewal No. 1") to Jim Eby for the policy period of June 1, 2012 to June 1, 2013.

12. Great Lakes issued commercial general liability insurance policy No. GLG008089 ("Renewal No. 2") to Eby's LLC for the policy period of June 1, 2013 to June 1, 2014.

13. As used in the policies, the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under the Policy.

14. The policies provide three coverages: (1) Coverage A for "Bodily Injury and Property Damage Liability;" (2) Coverage B for "Personal and Advertising Injury Liability;" and (3) Coverage C for "Medical Payments." The underlying Litigation does not make any claims arising out of or pertaining to "bodily injury" liability, "personal injury" liability, "advertising injury" liability or "medical payment" liability.

4

15. The policies apply, if at all, only to the extent the underlying Litigation purports to make a claim for "property damage liability" under Coverage A of the policies.

16. Generally speaking, and subject to various exclusions, coverage is provided under the "property damage" provisions of Coverage A when: (1) the Insureds (2) become legally obligated to pay (3) property damage to which the insurance applies that occurs during the policy period and (4) which is caused by an occurrence that occurred in the coverage territory. Great Lakes has a right and duty to defend the Insureds against any suit seeking property damages to which the policies apply but has no duty to defend the Insureds in any suit seeking property damages to which the policies do not apply.

17. All three of the policies at issue provide coverage for "property damage" only if the damage is caused by an "occurrence" that takes place in the coverage territory and only if the damage occurs during the policy period. Property damage is defined in relevant part in the policies as "physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it."

18. An occurrence is defined under the policies to mean "an accident, including continuous or repeated exposure to substantially the same general condition." "The word 'accident' implies a misfortune with concomitant damage to a victim and not the negligence that eventually results in that misfortune." 9A *Couch on Ins.* § 126:26. Accordingly, "occurrence" has been interpreted to exclude certain claims for faulty workmanship: "[a] claim for faulty workmanship, in and of itself, is not an occurrence

5

under a commercial general liability policy because a failure of workmanship does not involve the fortuity required to constitute an accident." 9A *Couch on Ins.* § 129:4. "Instead, what does constitute an occurrence is an accident caused by or resulting from faulty workmanship, including damage to any property other than the work product and damage to the work product other than the defective workmanship." *Id.; see also, Auto-Owners Ins. Co. v. Fleming,* 701 Fed.Appx. 738, 741 (10th Cir. 2017). Oklahoma law is in accord. *Trinity Univ. Ins. Co. v. Broussard,* 932 F. Supp. 1307, 1310 (N.D. Okla. 1996) (emphasis added); *see also, Harbour v. Mid-Continent Cas. Co.,* 1987 OK CIV APP 89, 752 P.2d 258, 261 (finding no coverage existed under CGL policy because "accident" did not occur during policy period).

19. Here, the Insureds have informed Great Lakes that they performed the following foundation work on the residence at issue:

- Installed preconstruction piers before footing was installed on June 10, 2011 (during the policy period for the Original Policy);

- Installed four (4) steel piers for the sun room on the back of the residence on September 26, 2013 (during the policy period for Renewal No. 2);

- Installed sixteen (16) steel piers on August 11, 2014 (no applicable policy period);

- Installed ten (10) steel piers on patio roof supports and foam-injected the patio to attempt to stop the residence from "sinking" on September 6, 2015 (no applicable policy period); and

- Removed back patio concrete so piers could be tightened in the area "sometime in 2017 or late 2016." (no applicable policy period).

The Burwells allege that the Insureds "negligently inspected the foundation, negligently designed a pier plan and/or negligently installed [*sic*] piers at the residence," but it is unclear which specific foundation work by the Insureds the Burwells contend was negligently performed.

20. While the Burwells allege the residence's collapse occurred due to, among other things, the Insureds' negligence in years past, the residence's collapse on April 21, 2017, constitutes both the "property damage" and "occurrence" for purposes of the policies. Because the "property damage" at issue occurred outside the applicable policy periods (June 1, 2011 to June 1, 2014), none of the three policies provide coverage for indemnification or defense of the Insureds in the Litigation.

21. The Burwells also seek punitive damages in the Litigation, although it does not appear such damages are being sought from the Insureds at this time. The Policy states as follows regarding punitive damages:

> **3. Exclusion – Punitive Damages**
>
> This insurance does not apply to any claim or indemnification for punitive or exemplary damages. If a suit seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide a defense for such action. We will not have any obligation to pay for any costs, interests or damages attributable to punitive or exemplary damages.

Thus, the policies do not provide coverage for the Burwells' punitive damages claim, assuming the Burwells ultimately intend to seek punitive damages from the Insureds.

22. Finally, not every named defendant in the Litigation is an insured under the policies. On the Original Policy and Renewal No. 1, Jim Eby is the named insured doing

business as "Foundation Repair Services." On Renewal No. 2, Eby's LLC is the named insured doing business as "Foundation Repair Services." Thus, the only named defendant that constitutes an insured under the Policy is "Foundation Repair Services."

## COUNT I – DECLARATORY RELIEF

Great Lakes incorporates and restates each and every allegation above as though set forth fully herein.

23. Great Lakes seeks a declaration as to its duties and obligations under the policies, if any, with respect to the underlying Litigation. The policies contain various provisions that exclude coverage altogether.

24. Defendants' request for insurance coverage as it pertains to the underlying Litigation is precluded in its entirety. Great Lakes requests the following declarations by the Court:

   a. The policies do not apply to the extent that the underlying Litigation does not involve property damage that occurred during one of the applicable policy periods. Specifically, the property damage at issue occurred on or about April 21, 2017 according to the Burwells' Petition, and the applicable policy periods were from June 1, 2011 to June 1, 2014;

   b. The policies do not provide coverage for any punitive damages claims asserted against the Insureds, if any, in the underlying Litigation because coverage for those claims is excluded by the policies' "Punitive Damages" exclusion; and

   c. The policies do not provide coverage for the defense or indemnification of any other named defendant in the Litigation, as the only named insureds under the policies are Jim Eby (Original Policy and Renewal No. 1) and Eby's LLC (Renewal No. 2).

## PRAYER FOR RELIEF

WHEREFORE, Great Lakes prays the Court enter judgment in this matter declaring:

a. the policies do not apply to the claims or damages sought by the Burwells in the underlying Litigation;

b. Great Lakes has no obligation or duty to defend, indemnify or otherwise make any payments to or on behalf of the Insureds regarding the claims in the underlying Litigation; and

c. Such other and further relief to which Great Lakes may be entitled at law or in equity.

Respectfully submitted,

*s/ Greg A. Castro*
Greg A. Castro, OBA # 11787
C. Eric Shephard, OBA # 22299
FELLERS, SNIDER, BLANKENSHIP,
  BAILEY & TIPPENS, P.C.
100 North Broadway Avenue, Suite 1700
Oklahoma City, OK 73102-8820
Telephone:   (405) 232-0621
Facsimile:   (405) 232-9659
Email:       gcastro@fellerssnider.com
             eshephard@fellerssnider.com

***Attorneys for Plaintiff***

748576/27239